UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DANNY LEO,<br>JOSEPH LEO and<br>JOSEPH A. TRICARIO,<br><br>                Defendants. | S31 06 CR 08 (LAK) |

**DEFENDANT JOSEPH A. TRICARIO'S   MEMORANDUM OF LAW
IN SUPPORT OF PRE-TRIAL MOTIONS**

      BAKER & McKENZIE LLP
      Douglas M. Tween
      John A. Basinger*
      1114 Avenue of the Americas
      New York, New York 10036-7703
      Tel: (212) 626-4355
      Fax: (212) 310-1655
      *Admitted *pro hac vice*

      Attorneys for Defendant
      Joseph A. Tricario

I.    **TRICARIO IS ENTITLED TO A BILL OF PARTICULARS**

Defendant Joseph A. Tricario requests a Bill of Particulars under Fed. R. Crim. P. 7(f). A defendant accused of a serious crime with all its sentencing implications should not be required to wait until testimony develops at trial to prepare a legal and factual defense. It is to safeguard against such trial by ambush that a bill of particulars is intended. *United States v. Strawberry*, 892 F.Supp. 519, 526 (S.D.N.Y. 1995).

In *United States v. Taylor*, 707 F.Supp. 696 (S.D.N.Y. 1989), the defendant was charged with conspiracy to distribute drugs. Judge Kram held that the defendant was entitled to a bill of particulars stating the names of all persons the Government claimed to be co-conspirators, the dates that each such person joined the conspiracy, and the approximate dates and locations of any meetings or conversations at which the Government would contend the defendant had participated in the conspiracy.

Here, the voluminous video and audio recordings produced by the Government do not vitiate the requirement to identify the factual allegations with some particularity. In *United States v. Bortnovsky*, 820 F.2d 572, 575 (2d Cir. 1987), the Government failed to provide a bill of particulars, and the Second Circuit reversed the conviction, stating:

> The relevance of key events was shrouded in mystery at the commencement and throughout the trial. The Government did not fulfill its obligation merely by providing mountains of documents to defense counsel who were left unguided as to which documents would be proven falsified or which of some fifteen burglaries would be demonstrated to be stated.

In this case, the Government has produced over 20 hours of audio and video recordings. Defense counsel has been able to decipher only one or two that appear to

include or even mention Defendant Tricario. The Government should be required to provide the following disclosures:

- A list of overt acts alleged against Tricario in furtherance of the conspiracy;

- identification of any overt acts alleged to have occurred in the Southern District of New York;

- the identity of the alleged victim of the conspiracy;

- the identities of all alleged co-conspirators of Defendant Tricario;

- the dates upon which Defendant Tricario, and all co-conspirators are alleged to have joined the conspiracy;

- the specific locations where credit was allegedly extended or sought to be collected;

- the dates and amounts of any payments to or from any person in connection with the alleged conspiracy and the parties involved;

- the dates upon which all conspiratorial meetings are alleged to have occurred;

- any acts of intimidation or threats Tricario agreed or attempted to perform in connection with Victim-1 in the Southern District of New York;

- a list of any audio or video recordings in which Tricario's participation in or knowledge of the crimes charged is referenced in any way.

3

## II.  ALL COUNTS MUST BE DISMISSED FOR LACK OF VENUE

The Constitution and the Federal Rules of Criminal Procedure guarantee criminal defendants the right to trial in the state and district where the crime allegedly occurred. *See United States Const. art. III, s. 2, cl. 3; United States Const. amend. VI;* Fed. R. Crim. P. 18.  The Government must establish proper venue as to each individual count that is alleged.  *See U. S. v. Beech-Nut Nutrition Corp.*, 871 F.2d 1181, 1188 (2d Cir. 1989).

The Supreme Court has "articulated a rule favoring restrictive construction of venue provisions: '[i]f an enactment of Congress equally permits the underlying spirit of the constitutional concern for trial in the vicinage to be respected rather than disrespected, construction should go in the direction of constitutional policy even though not commanded by it." *United States v. Brennan,* 183 F.3d 139, 146-47 (2d Cir. 1999), *quoting United States v. Johnson,* 323 U.S. 273, 276, 65 S. Ct. 249, 250-51 (1944); *see also United States v. Travis*, 364 U.S. 631, 634, 81 S. Ct. 358, 360 (1961) ("[V]enue provisions in Acts of Congress should not be so freely construed as to give the Government the choice of a 'tribunal favorable' to it.")

Venue for a crime "must be determined from the nature of the crime alleged and the location of the act or acts constituting it." *United States v. Cabrales*, 524 U.S. 1, 6-7, 118 S. Ct. 1772, 1776 (1998) (internal quotations omitted).  "[A] court must initially identify the conduct constituting the offense (the nature of the crime) and then discern the location of the commission of the criminal acts." *United States v. Rodriguez-Moreno*, 526 U.S. 275, 279, 119 S. Ct. 1239, 1242 (1999).  "Venue is proper only where the acts constituting the offense – the crime's 'essential elements' took place." *United States v.*

4

*Ramirez*, 420 F.3d 134, 138 (2d Cir. 2005), *quoting Rodriguez-Moreno*, 526 United States at 280.

Defendant Tricario is charged with violating 18 U.S.C. § 892, 18 U.S.C. § 894, and 18 U.S.C. § 1951. The Government has not identified any evidence of any act that allegedly occurred in the Southern District of New York, and has certainly not even specified any allegation of any criminal act in the Southern District of New York that is remotely connected to Defendant Tricario.

### III.    REQUEST FOR AN AUDIBILITY HEARING

Defendant Tricario also moves this Court for a hearing on the audibility of various recordings provided by the Government. In order to obtain admission of an audio recording, the Government must produce "clear and convincing evidence of authenticity and accuracy" of the recording. *See United States v. Hamilton*, 334 F.3d 170, 186 (2d Cir. 2003). A recording may be inadmissible if the unintelligible portions of the recording are sufficiently substantial "as to render the recording as a whole untrustworthy." Portions of tape recorded conversations that defense counsel surmises may be alleged to include statements by Tricario are unintelligible. Accordingly, an audio recording is appropriate to determine whether any recordings are admissible.

5

Dated:  New York, New York
       December 3, 2007

    /s_ Douglas M. Tween_
Douglas M. Tween
John A. Basinger*
BAKER & McKENZIE LLP
1114 Avenue of the Americas
New York, New York 10036-7703
Tel: (212) 626-4355
Fax: (212) 310-1655
*Admitted *pro hac vice*

Attorneys for Defendant
Joseph A. Tricario